**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT EUBANKS | * |
| Plaintiff | * |
| v | *    Civil Action No. GJH-14-2797 |
| FRANK BISHOP, WARDEN, et al. | * |
| Defendants | * |
| | *** |

## MEMORANDUM OPINION

Defendants filed a Motion to Dismiss or for Summary Judgment in the above-captioned civil rights case. *See* ECF No. 19. Although Plaintiff was advised of his right to file an Opposition Response by letter sent April 14, 2015, he has not opposed the motion nor sought additional time in which to do so. *See* ECF No. 20. The Court finds a hearing in this matter unnecessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, the unopposed motion shall be granted.

### Background

Plaintiff Robert Eubanks ("Eubanks") is a prisoner incarcerated at North Branch Correctional Institution ("NBCI"). *See* ECF No. 1 at 4. According to Eubanks' complaint, he has been assigned to disciplinary segregation for five years and has an additional five years of disciplinary segregation to serve. *See id.* He claims he has attempted to participate in the Behavior Management Program ("BMP"), but has been denied admittance three times by Defendant B. Bradley ("Bradley"). Eubanks states he has also attempted to be reassigned to administrative segregation or to receive monthly time reductions on his disciplinary segregation time so that he can be reintegrated into general population to no avail. *See id.*

In August of 2014, Eubanks states he received a "change sheet" from Bradley indicating that a case management decision had been made that he would remain on disciplinary segregation. *See id.* Eubanks filed an Administrative Remedy Procedure complaint ("ARP") directly with the Inmate Grievance Office ("IGO") in an effort to have his status changed. *See id.* Eubanks alleges that his status remained unchanged despite the fact he attempted suicide in October of 2013 due to the conditions under which he has been confined. *See id.* Eubanks therefore filed the instant lawsuit claiming that the conditions of his incarceration violate his Eighth Amendment rights. *See id.* As relief Eubanks seeks an injunction requiring his placement in either the BMP or administrative segregation. *See* ECF No. 3. In response to Eubanks' complaint, Defendants state that Eubanks' behavior has improved since the date of his last disciplinary infraction, and that he has since been approved for and enrolled in the BMP as of March 16, 2015. *See* ECF 19-4.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed.R.Civ.P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal,* 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

## Analysis

The undisputed facts establish that Eubanks has received the relief he sought in his complaint. Specifically, he is now assigned to the BMP. *See* ECF No. 19-4. Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e. g., Tawwab v. Metz*, 554 F.2d 22 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Shimabuku v. Britton*, 503 F.2d 38 (10th Cir. 1974); *Locke v. Board of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972*); Uzzell v. Friday*, 401 F.Supp. 775 (M.D.N.C. 1975), *aff'd in pertinent part*, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545 (D. Del. 1975).

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally

cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287(2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). In light of the fact that Eubanks is no longer confined under the conditions he claimed were unconstitutional, this Court must dismiss the complaint and deny his Motion for Preliminary Injunction, as moot.

Dated: July 7, 2015                                                          /S/
                                                                        George J. Hazel
                                                                        United States District Judge